IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02044-EWN-KMT

EDWIN MARK ACKERMAN,

    Plaintiff,

v.

DENNIS BURBANK, GPV, and
SGT BROWN, CSP MAILROOM,

    Defendants.

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves a claim that Defendants violated Plaintiff's First Amendment and Fourteenth Amendment rights, and that they discriminated against him. This matter is before the court on Defendants' "Motion to Dismiss" (Doc. No. 15) filed December 17, 2007. Jurisdiction is premised upon 28 U.S.C. § 1983 (2007).

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff is incarcerated in the Colorado State Penitentiary ("CSP"). (Mot. to Dismiss at 1 [hereinafter "Mot."] [filed December 17, 2007].) Plaintiff Edwin Mark Ackerman has named as defendants Dennis Burbank, GPV; and Sgt. Brown, CSP Mailroom, both Colorado State Penitentiary ("CSP") employees. (Prisoner Compl. at 1–2 [hereinafter "Compl."] [filed October 1, 2007].) Plaintiff states he was convicted of a

General Court Martial in 1995 and since then has been trying to acquire a new trial. (*Id.* at 5.) Plaintiff alleges on June 18, 2007, he tried to send letters to a military court and the Judge Advocate General, but the defendants refused to send them because the mail was not "privileged." (*Id.* at 3.) Plaintiff asserts he sent "kites" to the mail room. (*Id.*) He alleges one kite was not answered, and the other was returned to Plaintiff advising him he needed to place a stamp on the envelope. (*Id.*) Plaintiff states he was unable to pay for postage because he is indigent. (*Id.*) Plaintiff states he filed a grievance and asked for someone to come see him about the grievance because he is locked in a cell for twenty-three hours a day. (*Id.*) After seventy-one days, Plaintiff was allowed to send his mail. (*Id.*) Plaintiff asserts this "disregard has possibly hindered [his] case to what extent is unknown at this time." (*Id.*)

Plaintiff has asserted three claims. In Claim One, Plaintiff asserts that the defendants have violated his Fourteenth Amendment rights by denying him access to military courts, apparently by preventing him from sending mail for seventy-one days. (*Id.* at 4.) In Claim Two, Plaintiff asserts that the defendants have violated his First Amendment rights "by denying access to a Federal institution" and denying him access to the military courts. (*Id.* at 5.) In Claim Three, Plaintiff alleges the defendants have discriminated against him "by denying a public facility" and "discriminat[ing] [him] from access to the military courts." (*Id.* at 6.) Plaintiff seeks money damages. (*Id.* at 8.)

Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because (1) Plaintiff has failed to state a claim for the denial of access to the courts upon which relief can be granted; (2) Plaintiff has failed to allege a Fourteenth Amendment claim based upon the

2

denial to the courts upon which relief can be granted; and (3) Plaintiff has failed to state an equal protection claim upon which relief can be granted. (Mot.)

## PROCEDURAL HISTORY

Plaintiff's Prisoner Complaint was filed on October 1, 2007. (Compl.) Defendants filed their motion to dismiss on December 17, 2007. (Mot.) Plaintiff filed his response on January 2, 2008. (Resp. to Defs.' Mot to Dismiss [hereinafter "Resp."].) No reply was filed. This matter is ripe for review and recommendation.

## STANDARD OF REVIEW

### 1. Pro Se *Plaintiff*

Edwin Ackerman is proceeding *pro se*. The court, therefore, "review[s] [his] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*,

927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle her to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)

2. *Fed. R. Civ. P. 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will

4

prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a prima facie claim on which relief can be granted. *See Ruiz*, 299 F.3d at 1182-83; *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 902-903 (10th Cir. 1997). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## ANALYSIS

*1.     First and Fourteenth Amendment Claims for Denial of Access to Court*

Defendants assert Plaintiff's claims for the denial of legal access are defective due to his failure to allege that he sustained an actual injury as a result of the alleged delay in providing him postage for his mail, and his failure to state a claim for the violation of his substantive due process rights upon which relief can be granted. (Mot. at 2, 4.) To show a cognizable injury sufficient for a plaintiff to seek relief under the First Amendment, he must show that "non-delivery of his legal mail resulted in 'actual injury' by 'frustrat[ing],' 'imped[ing],' or 'hinder[ing] his efforts to pursue a legal claim.'" *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005) (citing *Lewis v. Casey*, 518 U.S. 343, 351–53 & n.3 (1996). Conclusory allegations of injury in this respect will not suffice. *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (citing *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999).

5

Further, an inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus. *See Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) ("[O]ur main concern here is 'protecting the ability of an inmate to prepare a petition or complaint. . . .'") (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Love v. Summit County*, 776 F.2d 908, 914 (10th Cir. 1985) ("The Supreme Court has never extended 'the Fourteenth Amendment due process claim based on access to the courts . . . to apply further than protecting the ability of an inmate to prepare a petition or a complaint.'") (quoting *Wolff*, 418 U.S. at 576).

Here, Plaintiff has failed to show any actual injury. In fact, the only allegation Plaintiff makes is the conclusory allegation that Defendants' "disregard has possibly hindered [his] case to what extent is unknown at this time." (Compl. at 3.) Plaintiff has failed to show how Defendants may have "frustrated," "impeded," or "hindered" his efforts to pursue a valid legal claim. *Simkins*, 406 F.3d at 1243. In addition, Plaintiff's claim that he was unable to send mail is not recognized under the Fourteenth Amendment. Therefore, Plaintiff's access-to-courts claims should be dismissed.

*2.     Equal Protection Claim*

Plaintiff asserts in his third claim for relief that he was subjected to "discrimination" because other state prisoners who are similarly situated are allowed access to the military courts, whereas he was not. (Compl. at 6.) Defendants construe this claim as an equal protection claim. (Mot. at 5.) Defendants assert Plaintiff has failed to state an equal protection claim upon which

6

relief can be granted. (Mot. at 5.) "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). The challenged disparate treatment must be the result of purposeful discrimination. *Harris v. McRae*, 448 U.S. 297, 323 (1980). To properly allege an equal protection claim, a plaintiff must plead sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

In this case, Plaintiff fails to show he is "similarly situated" to any particular group. In addition, Plaintiff has not shown that any alleged discrimination was the "result of purposeful discrimination." In fact, Plaintiff fails to allege any specific facts upon which this court may discern a claim for discrimination or a violation of the Equal Protection Clause. Plaintiff's conclusory statement that "he was discriminated from access to the military courts even as an indigent person as a state prisoner is allowed in the same situation" is insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. Accordingly, Plaintiff's Claim Three is properly dismissed.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Motion to Dismiss" (Doc. No. 15) be GRANTED and this case be dismissed in its entirety with prejudice for failure to state a claim upon which relief can be granted.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be

both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 22nd day of August, 2008.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge